**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELIKA, INC., a California corporation; ELHAM SHAFIEE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation,<br><br>Defendant. | ) | Case No. CV 11-00825 DDP (RZx)<br><br>**ORDER DENYING MOTION TO DISMISS IN PART AND GRANTING IN PART**<br><br>[Motion filed on 2/3/11] |

Presently before the court is Defendant Bank of America Corporation ("the bank")'s Motion to Dismiss. Having reviewed the parties' moving papers and heard oral argument, the court denies the motion in part, grants in part, and adopts the following order.

**I. Background**

Plaintiff Elham Shafiee ("Elham") is the principal of Melika, Inc. ("Melika"), which operates an automobile dealership. (First Amended Complaint ("FAC") ¶ 1.) In 2000, Melika opened a checking account with Bank of America. (FAC ¶ 7.) Elham was the only individual authorized to write checks drawn upon Melika's checking account. (FAC ¶ 8.)

On August 22, 2007, Elham discovered that Mahmoud Shafiee ("Mahmoud") had written a $100,000 check on the Melika account. Elham contacted the bank to inquire about the unauthorized check. (FAC ¶ 17.) The bank informed Elham that Mahmoud's signature was on the account's signature card, and that Mahmoud was authorized to make transactions upon the account. (Id.) (FAC ¶ 9.) Between August 21, 2001 and August 28, 2007, the bank paid four checks written by Mahmoud on the Melika account, totaling $277,000. (FAC ¶ 10.)

Also during August 2007, the same month that he wrote four checks drawn upon the Melika account, Mahmoud intercepted at least sixteen checks payable to Melika, endorsed them, and deposited them with the bank into his own separate accounts. (FAC ¶¶ 38-39.) The endorsed checks totaled approximately $215,000. (FAC ¶ 38.) Elham did not become aware of the diverted checks until August 9, 2010. (FAC ¶ 43.)

After informing Elham on August 22, 2007 that Mahmoud had access to the Melika account, the bank reiterated that fact "[f]rom time to time thereafter" until May 2010. (FAC ¶ 18.) In May 2010, however, the bank informed Elham that Mahmoud was not a signatory on the Melika account. (FAC ¶ 19.) Plaintiffs filed a complaint against the bank in California state court on August 27, 2010, and amended the complaint on December 20. (Opp. at 4; Dkt. No. 1). The First Amended Complaint alleges causes of action for (1) Unauthorized Drawer's Signature, (2) Breach of Contract, (3) Failure to Honor Stop Payment Order, (4) Unauthorized Endorsement - Conversion, (5) Negligence, (6) Fraud, and (7) Civil Conspiracy.

The bank removed to this court on January 27, 2011, and now moves to dismiss all claims.[1]

## II. Legal Standard

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise

[1] Plaintiffs do not oppose the bank's motion to dismiss Elham's individual claims and Plaintiffs' "Stop Order" claims (Third Cause of Action). Accordingly, those claims are dismissed.

"above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

**III. Discussion**

As an initial matter, the court must address the bank's contention, upon which several of the bank's arguments depend, that this is a case about forgery. See, e.g. Mot. at 5 n.5 ("A checked lacking a required signature is a forged check for these purposes.") The court disagrees. A forgery is a "material alteration of a writing with intent to defraud anyone, so as to make the writing appear to be different from what it was originally intended to be." Union Tool Co. v. Merchants' Nat'l Bank of Los Angeles, 192 Cal. 40, 52 (1923). "Unauthorized signature, in contrast, "means a signature made without actual, implied, or apparent authority. The term includes a forgery." Cal. Com. Code § 1201(41). Contrary to the bank's assertion, the difference between a forgery and an unauthorized signature is not a "hyper-technical" one. (Reply at 7.) A forgery is made without authority, and therefore qualifies as a subset of "unauthorized signature." Cal. Com. Code § 1201(41). This does not mean, however, that all unauthorized signatures, however, are material alterations of writing made with the intent to defraud. As is evident from the facts of this case, the realm of unauthorized signatures made "without actual, implied, or apparent authority" is far more expansive than the narrow scope of the definition of "forgery." Here, Mahmoud did not alter any writing or make any writing appear

different from what it was intended to be. Instead, Mahmoud signed his own name to the Melika checks, despite his lack of authorization to draw on the Melika account. This is not a case about forgery.[2]

A. Timeliness of Melika's Claims

The bank argues that Melika's claims are barred by the one-year statute of limitations set out by California Code of Civil Procedure Section 340(c). The one-year limitation applies to actions "by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged <u>or unauthorized endorsement</u>." Cal. Code Civ. P. § 340(c) (emphasis added). Thus, it would appear that Section 340(c) does apply to Melika's claims regarding Mahmoud's unauthorized endorsement of checks payable to Melika.

Nevertheless, the court concludes that Section 340(c) does not bar any of Melika's claims. Section 340(c), "like other statutes of limitation, is subject to principles of waiver and estoppel." <u>Roy Supply, Inc. v. Wells Fargo Bank</u>, 39 Cal.App.4th 1051, 1066 n.16 (1995). Where a bank has been notified of an unauthorized transaction "and the bank induces the customer to forego filing suit, the bank will not be permitted to rely upon the statute of limitations." <u>Id.</u>

Here, Mahmoud wrote and endorsed the checks in August 2007. Elham received statements from the bank "reflecting the monies stolen via forged/unauthorized signatures and endorsements."

---

[2] Accordingly, the court does not address the bank's arguments that California's Uniform Commercial Code's loss distributive scheme for "forged signatures and forged endorsements" bars Plaintiffs claims. (Mot. at 7.)

(Defendant's request for Judicial Notice; Reply at 5.)[3] Elham immediately contacted the bank to inquire about the unauthorized transactions. The bank repeatedly informed Elham that Mahmoud was authorized to access Melika's account. The bank did not disclose that Mahmoud was in fact not authorized to make transactions until roughly three years later in 2010, well after the one-year statute of limitations had expired. Because the bank induced Elham to forego filing suit for almost three years by leading her to believe that there had been no unauthorized activity on the account, the bank cannot now rely upon the one-year statute of limitations to bar Melika's claims.

B. Sufficiency of the Pleadings

The bank also argues that Melika's fraud and civil conspiracy claims fail to meet the requirements of Federal Rules of Civil Procedure 8(a) and 9(b). (Mot. at 12-13.) Federal Rule of Civil Procedure 8(a) provides that a complaint need only contain "(1)a short and plain statement of . . . jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The FAC's allegations of fraud and civil conspiracy are sufficient to satisfy these minimal pleading standards.

---

[3]It is unclear whether Elham learned of the endorsements in 2010 or in 2007. Construing the facts in the light most favorable to Plaintiffs, the bank induced Elham to believe that Mahmoud was authorized both to write and endorse Melika checks.

Federal Rule of Civil Procedure 9(b) provides that the "circumstances constituting fraud or mistake shall be stated with particularity" in a complaint. To comply with Rule 9(b), a complaint alleging fraud must state the time, place, and specific content of misrepresentations, as well as the misrepresenting parties. Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010). The complaint must be sufficiently specific "to give defendants notice of the particular misconduct so that they can defend against the charge." Id. (quotation, alteration, and citation omitted). Rule 9(b)'s requirements apply not only to fraud claims, but also to claims that rely entirely on a fraudulent course of conduct. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

Melika has plead its fraud and civil conspiracy claims with sufficient detail. The complaint alleges that the bank misrepresented Mahmoud's status on a specific date, August 22, 2007, and that the misrepresentations continued through May of 2010. (FAC ¶ 18.) The complaint makes clear the specific content of the misrepresentations: that Mahmoud was a signator on the Melika account and had the authority to transact upon it. (Id.) These allegations give the bank sufficient notice to defend against Melika's charges.

**IV. Conclusion**

For the reasons stated above, the Motion to Dismiss is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

Dated: September 30, 2011

DEAN D. PREGERSON
United States District Judge